# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIELO JEAN GIBSON, URSULA MAYES, RACHEL KOREN, INA SCHNITZER, TIFFANY TOTH, AND KATARINA VAN DERHAM,<br><br>    Plaintiffs,<br>  v.<br>POLE & PITT LLC AND HARDING BRASS, LLC d/b/a POLE POSITION GENTLEMEN'S CLUB,<br><br>    Defendants. | **ORDER**<br><br>Hon. Joseph H. Rodriguez<br><br>Civ. Action No. 17-6570 |

      This matter comes before the Court on Plaintiffs' motion seeking entry of default judgment against Defendant Harding Brass LLC, pursuant to Rule 55 of the Federal Rules of Civil Procedure [Dkt. No. 40]. The Court has considered Plaintiffs' submissions in support of their Motion for Default Judgment and notes that Defendant Harding Brass, LLC has not responded to the motion. For the reasons stated below, default will be granted as to liability only and Plaintiffs will be directed to file an additional submission, including an affidavit, detailing why the damages sought in this motion are appropriate as to Defendant Harding Brass, LLC, given that Plaintiffs have reached settlement with the other Defendant in this case, so the Court can assure that there is not a double recovery.

      Plaintiffs Cielo Jean Gibson, Ursula Mayes, Rachel Koren, Ina Schnizter, Tiffany Toth, and Katarina Van Derham ("Plaintiffs") filed this action against Defendants Pole & Pitt LLC and Harding Brass LLC d/b/a Pole Position Gentlemen's Club ("Defendants") on August 30, 2017, alleging, *inter alia*, that Defendants used their

images and likenesses without permission or compensation in advertising for Defendants' strip club business in violation of the Lanham Act, 15 U.S.C. §1125 et seq. and N.J.S.A. 56:4-1.

The docket indicates that Defendants were properly served with the Amended Complaint on November 2, 2017. [Dkt. No. 12] Unlike Defendant Pole & Pitt LLC, Defendant Harding Brass LLC never filed an answer or other responsive pleading. Clerk's entry of Default was requested and granted on April 18, 2018. [Dkt. No. 21]. Then, Plaintiffs reached a confidential settlement agreement with Defendant Pole & Pitt LLC on July 3, 2019. [Dkt. No. 39]. According to the Amended Complaint, Harding Brass, LLC shares the same principle place of business with and operates the same business, the Pole Position Gentleman's Club, as dismissed Defendant Pole & Pitt LLC.

Plaintiffs move for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55 provides, in relevant part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. . . The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55.

Thus, Rule 55(b)(2) authorizes district courts to enter default judgment against a properly served defendant who fails to answer or plead within the allotted time. See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Even when a properly served defendant has failed to plead or otherwise respond, a plaintiff is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgments are generally disfavored, in the interest of having a case decided on its merits. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998).

However, the Court has considerable latitude when considering the entry of a default judgment and, pursuant to Fed. R. Civ. P. 55(b)(2), it may conduct a hearing when it needs to determine the amount of damages, to establish the truth of any allegation by evidence or to investigate any other matter to effectuate a judgment. Because of the strong disfavor for entering judgment by default, a Court must be certain of its jurisdiction to impose personal liability upon a defendant or obligate him

or her in favor of a plaintiff before entering default judgment.  See <u>Ayers v. Jacobs & Crumplar, P.A.</u>, 99 F.3d 565, 569 (3d Cir. 1996).

Plaintiffs set forth a cognizable claim of misappropriation of likeness and false endorsement/ unfair competition pursuant to the Lanham Act, 15 U.S.C. §1125 et seq. and N.J.S.A. 56:4-1.  In this case, the Court harbors concerns about the propriety of damages sought against Defendant Harding Brass through the entry of default judgment without an explanation of how the damages Plaintiffs seek are attributable solely to Harding Brass LLC in light of the recovery Plaintiffs received from dismissed Defendant Pole & Pitt.  Pole & Pitt LLC is an entity that shares commonality of business address, corporate principle place of business, and the operator of the Pole Position Gentlemen's Club.  On this record, the entry of a judgment appears improper.

The Court will direct Plaintiffs to submit additional briefing on the damages it seeks from Defendant Harding Brass with an explanation as to why those damagers differ from that collected from Pole & Pitt, LLC.  The Court reserves the right to hold an evidentiary hearing to investigate this matter and to hear evidence to determine damages at that time.

Accordingly,

IT IS ORDERED on this 3rd day of March 2020 that Plaintiffs' Motion for Default Judgment is granted [Dkt. No. 40] as to liability only; and it is further

ORDERED that Plaintiffs shall file a submission explaining the propriety of the damages they seek against Defendant Harding Brass in a manner that distinguishes the damages they seek against Harding Brass from those damages collected from Pole & Pitt; and it is further

ORDERED that Plaintiffs shall file an Affidavit detailing the damages they seek as to Defendant Harding Brass, LLC; and it is further

ORDERED that Plaintiffs submissions are due on or before April 2, 2020.

s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez
U.S. District Court Judge